## Steamboat Lake of the Woods *v.* Shaw.

An instrument not under seal is not a bond.

Where an appeal is allowed under a special statute, without a bond as required, it is not error to dismiss the appeal. But if a recognizance had been filed as authorized by a subsequent general statute, the appeal should not be dismissed.

*Error to Lee District Court.*

*Opinion by* Kinney, J. This was an action instituted before a justice of the peace, under the "act to provide for the collection of demands against boats and vessels." A judgment was rendered by the justice against the boat, whereupon the defendant appealed to the district court. In perfecting his appeal he filed an instrument (not under seal,) with approved security, which is designated by the justice as an appeal bond. Upon the case being transferred to the district court, a motion was filed by counsel for the appellee, to dismiss the appeal for the reason that the instrument purporting to be an appeal bond, was not such an one as was required by statute. This motion was sustained by the court and the appeal was dismissed.

By the bill of exceptions the only question presented for our decision is, did the court err in dismissing the appeal, or was there a substantial compliance with the statute by

the plaintiff in filing his security before the justice of the peace for an appeal?

The statute upon which this suit was predicated, provides that in all cases arising under the "act, if judgment shall have been rendered in favor of the plaintiff, the master, owner, agent, or consignee of the boat or vessel, or other person interested, may appeal from the judgment by giving bond and security in double the amount sued for," &c. *Rev. Stat.*, 103, §20.

This statute clearly requires that the appealing party shall file with the justice of the peace a *bond*, if he wishes to avail himself of the benefit of an appeal. And it is not to be presumed that the legislature in using the word *bond*, intended anything else than such an instrument as was a bond at common law, to wit: an instrument under seal. If this statute then were to be taken and construed independent of other statutes, and without reference to subsequent legislation (as the instrument in this case was not under seal,) there would be no reason for legal ambiguity, and we could come to no other conclusion, than that the court below was right in dismissing the appeal.

Although this statute was made for a particular and specific purpose, as it is remedial in its character, it must be taken in connection with subsequent statutes, particularly those defining the powers and duties of justices of the peace, and the way and manner of taking appeals to the district court. A remedial statute ought always to receive a liberal construction, and it should be as it is, the tendency of modern decisions, to aid as far as possible the remedy provided by law. Particularly will the courts extend a favorable ear to those who seek by appeal, to obtain that justice which they may have been legally entitled to, and of which they may have been deprived by an erroneous decision of an inferior tribunal. While parties in appealing their cases, ought to be held to the requirements of the law, yet courts should reluctantly close their doors against those who have substantially complied with the statute. And this appears to be not only the spirit, but the settled

Steamboat Lake of the Woods *v.* Shaw.

policy of our law. *Rev. Stat.*, 335, §7, provides that "upon the return of the justice being filed in the clerk's office, the court *shall be possessed of the cause*, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the justice." Other sections of the statute might be quoted, by which it would seem that the legislature intended to extend to parties seeking an appeal great latitude.

The 11th sec. of the same act, provides that no appeal allowed by a justice shall be dismissed for the want of a recognizance, or by reason of a defective one, if the appellant will before the motion to dismiss is determined, enter into a proper recognizance, &c., before the court. Extending, as this statute does, every reasonable facility to those who wish to have their legal rights adjudicated in the higher court. But in this case, it is urged by counsel for the defendant in error, that notwithstanding this liberal language of the statute, as this was a proceeding under a particular statute designating the instrument of security to the opposite party as a *bond*, that the court did not err in dismissing the appeal.

In the absence of any statute, subsequent to the one relied upon, this position would be correct. But a statute passed much later than the one in relation to proceedings against boats and vessels, expressly states that *any* person aggrieved by *any judgment* or decision of a justice of the peace, may take his appeal to the district court. He is required to comply with certain conditions and among others he shall enter into a recognizance, which shall be according to the form laid down in the statute. *Rev. Stat.*, 333, §34.

In this case the recognizance was given under this statute and according to its provisions.

The statute therefore, having been passed long subsequent to the one requiring a bond, and its language being sufficiently comprehensive to embrace every person taking an appeal from any judgment or decision of a justice, and pointing out as it does that such appeal shall be by recog-

nizance, we find no difficulty in coming to the conclusion that a sealed instrument was not necessary in this case for the purposes of an appeal.

The court erred in dismissing the appeal.

Judgment reversed.

*J. C. Hall,* for plaintiff in error.

*J. W. Rankin,* for defendant.